United States District Court
Southern District of Texas
**ENTERED**
July 27, 2020
David J. Bradley, Clerk

# United States District Court
## Southern District of Texas
### Houston Division

| | | |
|---|---|---|
| JAMEL PARKER, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:18-cv-03334 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SOUTHWEST | § | |
| AIRLINES CO., | § | |
| Defendant. | § | |

## Order Denying Summary Judgment

Plaintiff Jamel Parker brings claims for racial discrimination leading to what he claims was the improper termination of his employment. Dkt 1. Defendant Southwest Airlines Co moves for summary judgment. Dkt 15.

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the moving party establishes that it is entitled to judgment as a matter of law because no genuine dispute exists as to any material fact. See *Trent v Wade*, 776 F3d 368, 376 (5th Cir 2015). The Fifth Circuit holds that a fact is *material* if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. *Sossamon v Lone Star State of Texas*, 560 F3d 316, 326 (5th Cir 2009) (citations omitted). And the Fifth Circuit holds that a *genuine dispute of material fact* exists "when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015), quoting *Anderson v Liberty Lobby*, 477 US 242, 248 (1986).

Genuine disputes of material fact preclude summary judgment. The parties in particular dispute the circumstances of Parker's summary termination and whether similarly situated

white employees engaging in similar conduct were treated differently. Parker has mustered at least some evidence to support his contentions.

Southwest Airlines also argues that an arbitral award in its favor between it and the union to which Parker belongs should be given preclusive effect. Dkt 15 at 13–15. A review of the arbitral award doesn't show that it in any way addressed the racial discrimination allegations at issue in this suit. See Dkt 15-21. Neither does a subsequent notice by the EEOC of Parker's right to sue provide any exoneration. It states, "Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. *This does not certify that the respondent is in compliance with the statutes.*" Dkt 15-23 at 2 (emphasis added).

The motion is DENIED.

SO ORDERED.

Signed on July 27, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge